```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                        CHARLESTON
```

**LARRY DENCIL FERREBEE,**

    **Plaintiff,**

**v.**                             **Case No. 2:05-cv-00643**

**THE STATE OF WEST VIRGINIA and
THE WEST VIRGINIA DEPARTMENT OF
MILITARY AFFAIRS AND PUBLIC SAFETY,
DIVISION OF CORRECTIONS,
JAMES W. SPEARS, Secretary,
Department of Military Affairs and Public Saftey,
JIM RUBENSTEIN, Commissioner, Division of Corrections,
HUTTONSVILLE CORRECTIONAL CENTER, and ST. MARY'S
CORRECTIONAL CENTER - WILLIAM FOX, Warden,**

    **Defendants.**

### PROPOSED FINDINGS AND RECOMMENDATION

Pending are Plaintiff's Complaint under 42 U.S.C. § 1983 (docket sheet document # 2), an Application to Proceed <u>in forma pauperis</u> (# 1), a letter-form motion for a restraining order against the St. Mary's Correctional Center (# 5), and a letter-from motion for a restraining order against the Huttonsville Correctional Center (# 8). This matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### PROCEDURAL HISTORY AND PLAINTIFF'S CLAIMS FOR RELIEF

On August 11, 2005, Plaintiff filed a <u>pro se</u> Complaint under 42 U.S.C. § 1983 (# 2) and an Application to Proceed <u>in forma</u>

pauperis (# 1). In the Complaint, Plaintiff alleges that he has been

> tortured cruelly and inhumanly by agonizing horrendous, unseen laser electric shock instruments applied to rectum, testicles, ears, eyes, head for as much as 4 days and 3 nights continually. No sleep in that period, then 1 hr. sleep & they start again. By both Huttonsville and St. Mary's prison. Against my will. Always in a state of convulsiveness 23 hrs. per day every day for app. a year and a half now. Today 8-04-05 they run me all the time I'm awake. Three hours per day they have my body at a collapsed state. To, from & during meals.

(# 2 at 5). Plaintiff seeks "250 trillion dollars restitution for pain, suffering and mental anguish." (Id.) Plaintiff also wants an "indefinite restraining order on all W. Va. agencies and W. Va. inhabitants." (Id.) Plaintiff has also attached a sworn statement, which indicates that the prisons have "threaten[ed] [Plaintiff] with sedative medication and maximum lockdown." (Id. at 7).

In Spears v. McCotter, 766 F.2d 179, 181-182 (5th Cir. 1985)(abrogated on other grounds), the Fifth Circuit affirmed the lower court's referral of a pro se prisoner's civil rights case to a United States Magistrate Judge to conduct an evidentiary hearing "in the nature of a motion for a more definite statement" to determine whether the complaint was frivolous or failed to state a claim. In the instant case, the undersigned found that a Spears hearing would be difficult to conduct, due to the incarceration of the Plaintiff, and in instead, ordered a special report from the West Virginia Department of Military Affairs, Division of

Corrections.  See Martinez v. Aaron, 570 F.2d 317, 319-20 (10th Cir. 1978); Cay v. Estelle, 789 F.2d 318, 323 n.4 (5th Cir. 1986); Parker v. Carpenter, 978 F.2d 190, 191 n.2 (5th Cir. 1992).  (# 4).  The special report was requested in order to determine whether Plaintiff was being forcibly medicated.

On September 28, 2005, Plaintiff filed a letter-form motion for a restraining order against the St. Mary's Correctional Center, claiming that he had a "life threatening situation."  (# 5).  The motion, however, failed to identify the allegedly life threatening situation.

On October 6, 2005, the West Virginia Department of Military Affairs, Division of Corrections filed its Special Report and attached exhibits.  (# 7).  That same day, Plaintiff filed a Notice of Change of Address, indicating that he would be released on parole to an address in Procious, West Virginia on November 15, 2005.  (# 7).

On October 19, 2005, Plaintiff filed a letter-form motion for a restraining order against the Huttonsville Correctional Center and the West Virginia Civil Service Commission.  (# 8).  These motions remain pending.

The undersigned's staff has confirmed through the Division of Corrections that Plaintiff has been released from incarceration and is residing in Procious, West Virginia.

**STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. § 1915A, and notwithstanding any filing fee, the court screens each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court must dismiss the case if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted. Section 1915A(b)(1) requires judges to dismiss claims based on indisputably meritless legal theory or claims whose factual contentions are clearly baseless, fanciful, fantastic or delusional. Denton v. Hernandez, 504 U.S. 25, 33 (1992). In reviewing factual allegations, a court need not accept irrational or wholly incredible allegations whether or not there are judicially noticeable facts available to rebut them. Id. at 303-33.

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. Because it is "beyond doubt" that Plaintiff's Complaint fails to allege facts entitling him to relief, he should not be given an opportunity to offer evidence in support of his claims. See, Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972).

**ANALYSIS**

The instant Complaint concerns Plaintiff's conditions of confinement at the Huttonsville and St. Mary's Correctional

Centers. Plaintiff's allegations are indisputably meritless and are based upon factual assertions which are irrational, fanciful and delusional. Furthermore, Plaintiff's claims for monetary relief are barred under the Eleventh Amendment because all of the defendants are state agencies or officials employed in their official capacities by the State of West Virginia. A suit against a state or a state agency for money damages is barred by the Eleventh Amendment. A state agency is not a "person" within the meaning of 42 U.S.C. § 1983, and can only be sued for injunctive relief. Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989).

Turning to Plaintiff's claims for injunctive relief, Plaintiff did not sufficiently allege that he was in imminent danger of a substantial risk of harm, and Plaintiff has now been released from custody, so his claims for injunctive relief are moot.

Upon review of Plaintiff's Complaint, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's claims are frivolous, malicious and fail to state a claim upon which relief can be granted. Moreover, because Plaintiff has been released from custody and has shown no immediate threat of harm, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff is not entitled to injunctive relief.

It is respectfully **RECOMMENDED** that, pursuant to the provisions of 28 U.S.C. § 1915(A), the District Court **DISMISS**

Plaintiff's Complaint (# 2), **DENY** Plaintiff's Application to Proceed in forma pauperis (# 1), and **DENY** Plaintiff's motions for restraining orders (## 5 and 8).

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(a), Federal Rules of Civil Procedure, Plaintiff shall have three days (mailing) and ten days (filing of objections) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Chambers and this Magistrate Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff and Charles Houdyschell, Assistant Attorney General, Division of Corrections, 112 California Avenue, Bldg. 4, Room 300, Charleston, WV 25305.

|  |  |
|---|---|
| December 5, 2005 | Mary E. Stanley |
| Date | Mary E. Stanley<br>United States Magistrate Judge |